DECISION AND JOURNAL ENTRY
Appellant, the Ohio Association of Public School Employees, Local 371, (OAPSE) appeals from the order of the Medina County Court of Common Pleas vacating the arbitration award and denying the motion to reduce the arbitration award to judgment. We reverse.
Appellant and Appellee, Cloverleaf Local School District, are parties to a collective bargaining agreement. On or about March 20, 1996, Appellee posted a job opening for a cafeteria helper position at Seville Elementary School for the hours of 8:15 to 10:15 a.m. This position is referred to as the "breakfast position." Sherry Armstrong, an employee of Appellee and member of OAPSE bid for the position. Ms. Armstrong at the time of the posting was employed by Appellee as a cafeteria helper during the lunch hours of 10:15 a.m. to 1:15 p.m. This position is referred to as the "lunch position." A substitute cafeteria helper with no seniority in the bargaining unit also bid for the breakfast position. The substitute helper was awarded the position over Ms. Armstrong.
On April 16, 1996, Ms. Armstrong filed a grievance with Appellee challenging the award of the breakfast position to the substitute helper. The grievance was denied and proceeded to arbitration pursuant to the collective bargaining agreement. On April 30, 1997, an evidentiary hearing was held by the arbitrator. On June 30, 1997, the arbitrator issued his opinion and sustained the grievance finding that Appellee violated the collective bargaining agreement by imposing subsequent requirements upon the applicants for the position. The arbitrator then awarded the breakfast position to Ms. Armstrong and awarded her back pay for the period between the date the original grievance was filed and the date when she starts work in the posted position.
On August 20, 1997, Appellee filed a motion to vacate or modify the arbitration award pursuant to R.C. 2711.10 or 2711.11 with the Medina County Court of Common Pleas. In its motion, Appellee argued that the award was not derived from the essence of the collective bargaining agreement. On September 5, 1997, Appellant filed an application to reduce the arbitration award to judgment and a memorandum in opposition to the motion to vacate the arbitration award. On September 29, 1997, Appellee filed its reply brief. On July 29, 1999, the trial court denied the motion to reduce the award to judgment finding that the arbitrator had exceeded his authority in awarding Ms. Armstrong both positions. However, the trial court found that Ms. Armstrong was entitled to hold either the breakfast position or the lunch position and modified the arbitrator's award accordingly. Appellant timely appealed and has raised two assignments of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred by granting Appellee Board of Education's motion to vacate arbitration award where there was no statutorily mandated basis to order vacation of the award.
 In its first assignment of error, Appellant has argued that the trial court erred by vacating or modifying the arbitrator's award. Appellate courts review a trial court's actions with regard to an arbitrator's award de novo. Automated Tracking Sys., Inc. v. Great Am. Ins. Co. (Oct. 14, 1998), Summit App. No. 18906, unreported, at 7. Upon review of the facts, applicable statutes and case law, Appellant's contention has merit.
Pursuant to R.C. 2711.09:
 [a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
 Appellant applied to the trial court as prescribed in the above-referenced section for confirmation of the arbitrator's award. Appellee moved the trial court to either vacate or modify the arbitrator's award.[1]
A trial court may modify an arbitrator's award where:
 (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
 (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted; [or]
 (C) The award is imperfect in matter of form not affecting the merits of the controversy.
 R.C. 2711.11. The trial court does not indicate that any of the aforementioned options are applicable in this case. The trial court appears to agree with the arbitrator's conclusion that Appellee violated the collective bargaining agreement in the manner in which Appellee awarded the breakfast position. However, the trial court's order then takes the arbitrator's award beyond the scope of that which was originally delineated by the arbitrator. By ruling that Ms. Armstrong must chose between the lunch position and the breakfast position, the trial court imposed its own judgment upon the parties on an issue in controversy. This type of change exceeds the bounds of what is properly a modification as set forth in the statute as it is a material change to a decision on the merits of the controversy and it is not a mere typographical correction to miscalculation of figures or mistake in the description of a person, thing, or property referred to in the award. Therefore, because the statutory grounds for modifying an arbitrator's award did not exist, the trial court erred in modifying the award.
ASSIGNMENT OF ERROR II
 The trial court erred in denying Appellant OAPSE's application to reduce arbitration award to judgment/confirmation of arbitration award.
 In Appellant's second assignment of error, it argues that the trial court erred by failing to reduce the arbitrator's award to judgment. Pursuant to R.C. 2711.09, the trial court must confirm the arbitrator's award unless it vacates, modifies or corrects the award. Given the disposition of the first assignment of error, we will not address the issue of confirmation because the trial court must address the predicate matters more fully on remand.
Appellant's first assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
LYNN C. SLABY
FOR THE COURT BATCHELDER, P. J., CARR, J., CONCUR
[1] Appellee moved the trial court to either modify or vacate the arbitrator's award. The trial court enunciated the standard for vacating an arbitrator's award in the body of its judgment, however, the trial court went on to state that it was modifying the arbitrator's award. Because the trial court has not indicated that it vacated the arbitrator's award, this Court will review the trial court's decision under the requirements for modification. This court expresses no opinion on the propriety of the arbitrator's award or the potential propriety of vacating such an award.